IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY SQUIRES,

    Plaintiff,

vs.                                              CASE NO. 1:02CV82-MMP/AK

ANTHONY J. PRINCIPI, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

       This cause is before the Court on the motion of the Defendant, Catherine A. Darling, to dismiss the second Count Eight of Plaintiff's Fifth Amended Complaint. Doc. 141. Plaintiff has not responded to the motion. Having carefully considered the matter, the Court recommends that the motion be granted.

       In the Fifth Amended Complaint, Plaintiff inadvertently identifies two counts as Count Eight. Doc. 127. The instant motion addresses only the second Count Eight, entitled "Deprivation of Constitutional Rights." Each basis for dismissal will be addressed in turn.

**DISCUSSION**

I.  Right to bear arms.

In ¶ D90, Plaintiff charges that Darling deprived him of the right to bear arms "by fraudulently initiating and maintaining injunction for protection against the Plaintiff." Doc. 127 at 32.  Plaintiff does not state whether he is asserting this claim pursuant to the United States or the Florida Constitution, but in either event, the claim is foreclosed, as the applicable constitutional provisions apply only to an alleged governmental infringement on the right to bear arms.  *See generally*, Daniel E. Feld, Annotation, *Federal Constitutional Right to Bear Arms*, 37 A.L.R. Fed. 696 (2005); *see also Rinzler v. Carson*, 262 So.2d 661 (Fla. 1972).

II.  Deprivation of right to privacy under Florida law.

In ¶91, Plaintiff alleges generally, without any supporting detail, that "Darling has deprived the Plaintiff the right to privacy under Florida law."  Doc. 127.  This claim is clearly untenable.  *See Gilbert v. Sears, Roebuck & Co.*, 899 F. Supp. 597, 599-600 (M.D. Fla. 1995) (to prevail on state constitutional claim for invasion of right to privacy, plaintiff must prove governmental intrusion into private life, and thus, there is no cause of action against private person).

III.  Deprivation of rights to due process and fair and equal treatment.

In ¶92, Plaintiff claims generally that Darling denied him the right to due process and to fair and equal treatment under the law.  Doc. 127.  He does not allege that Darling was a state actor or that she was acting under color of state law, and thus, any claim for violation of his federal constitutional rights fails.  *See Rayburn ex rel. Rayburn*

*v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  As to any similar claims under the Florida Constitution, they also are without merit.  *See Snipes v. State*, 733 So.2d 1000, 1007 (Fla. 1999) (due process provision of Florida Constitution requires state action before becoming applicable); *Schreiner v. McKenzie Tank Lines, Inc.*, 432 So.2d 567, 569 (Fla. 1983) (equal protection clause of Florida Constitution protects only against improper state action and does not apply to purely private action).

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion of Defendant Catherine Darling to dismiss second Count Eight, Doc. 141, be **GRANTED**, and all claims in that count be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **14th** day of March, 2005.


s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:02CV82-MMP/AK**