IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LARRY SQUIRES,

    Plaintiff,

v.                                         CASE NO. 1:02-cv-00082-MP-AK

CATHERINE A DARLING,
ANTHONY J PRINCIPI, et al.,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 155, the Report and Recommendations of the Magistrate Judge, recommending that the Court grant doc. 141, Catherine Darling's Motion to Dismiss the Second Count VIII of the 5th Amended Complaint.  Objections to Report and Recommendation were due by April 11, 2005, but none were filed.  The Court agrees with the Magistrate Judge that plaintiff has not alleged that Catherine Darling acted under color of state law and therefore the Constitutional claims in the second count VIII must be dismissed with prejudice.

This case is also before the Court on Doc. 156, the Report and Recommendations of the Magistrate Judge, recommending that doc. 108, the motion for summary of the Defendants, United States of America and Anthony J. Principi, Secretary of the Department of Veterans Affairs, be granted; that doc. 105, Plaintiff's motion to compel discovery from the Defendants, be denied; and that all claims against the Defendants, United States of America and Anthony J. Principi, Secretary of the Department of Veterans Affairs, be dismissed with prejudice .  The plaintiff filed objections, doc. 158, which the Court has reviewed.  For the reasons which follow,

the Court adopts the Report and Recommendation of the Magistrate Judge.

The Plaintiff, Larry Squires, was a probationary police officer for the Department of Veterans Affairs assigned to the VA Daytona Beach Outpatient Clinic, Daytona Beach, Florida, when he was terminated from employment on November 3, 2000, for an alleged battery on a female co-worker.  Despite admitting that he received EEOC training, plaintiff did not contact an EEO counselor, as required before a Title VII case can be commenced, until after 45 days had passed.  In fact, he did not contact his EEO counselor until August 6, 2001.  Plaintiff in this case claims that he was treated differently than two other employees merely because he is a man, and that he was subjected to a hostile work environment which favored women over men.

The Court agrees with the Magistrate Judge that all of the acts to which Plaintiff points as evidence of sex discrimination–excepting one--plainly pre-date the effective date of his termination and were, in and of themselves, sufficient to put Plaintiff on notice that he may have been terminated because of his sex.  Thus, the Court agrees that the plaintiff waited far beyond the 45-day deadline for contacting an agency EEO counselor.  Also, plaintiff has offered no persuasive argument that the 45-day period should be tolled, waived or extended.   Thus, the Magistrate Judge is correct in concluding that Defendants are entitled to summary judgment on Plaintiff's Title VII claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation (doc. 155) is adopted and incorporated herein.

2. Doc. 141, the motion of Defendant Catherine Darling to dismiss the second Count Eight, is GRANTED, and all claims in that count are DISMISSED WITH PREJUDICE.

3. Doc. 108, the motion of the Defendants, United States of America and Anthony J.Principi, Secretary of the Department of Veterans Affairs, Doc. 108, be GRANTED;

4. Doc. 105, Plaintiff's motion to compel discovery from the Defendants is denied;

5. All claims against the Defendants, United States of America and Anthony J. Principi, Secretary of the Department of Veterans Affairs, are dismissed with prejudice.

**DONE AND ORDERED** this  *9th*   day of September, 2005

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge