**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**LARRY SQUIRES,**

    **Plaintiff,**

vs.                                        **CASE NO. 1:02CV82-MMP/AK**

**CATHERINE A. DARLING, et al.,**

    **Defendants.**

_____/

## ORDER

By prior order, the Court indicated that it would allow Plaintiff and Defendant Darling to engage in a limited period of discovery after the motion to substitute had been resolved.  Doc. 174.  The matter of substitution has been handled, and but for, consideration of the R&R regarding dismissal of the United States from Count Two of the Fifth Amended Complaint, Doc. 183, this matter is approaching a point of final resolution of the claims pending against Defendant Darling only.  Presently before the Court is Darling's motion for partial summary judgment, which seeks dismissal of all counts against Darling except Count Seven, a claim for malicious prosecution.  Doc. 172.  As the Court previously indicated, Plaintiff is entitled to conduct discovery as to all

counts against Darling so that he can properly frame a response to the motion and prepare for trial, which appears inevitable.

As to discovery with regard to Plaintiff's claims against Darling, Plaintiff may use the full panoply of discovery tools anticipated by the Federal Rules of Civil Procedure. Although the Court limited Plaintiff to written discovery with regard to the motion to substitute, it does not believe it is appropriate to place such a limitation on discovery as to the claims raised against Darling. This does not, of course, give Plaintiff carte blanche to engage in frivolous or harassing discovery, but if Plaintiff wishes to arrange for the oral deposition of Darling or anyone else regarding his claims against Darling and if he can meet all the attendant requirements for procuring such a deposition, the Court has no intention of otherwise limiting Plaintiff's efforts. Although the Court is well aware of Plaintiff's *pro se* status, both Plaintiff and Defendant will be held to the dictates of the rules of this Court, including the time deadlines for serving and responding to discovery requests.

As to the motion for partial summary judgment, the Court takes this opportunity to give Plaintiff the notice required by the Eleventh Circuit so that the motion can be put in a posture for decision. "[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." *Brown v. Shinbaum*, 828 F.2d 707, 708 (11th Cir. 1987) (citing *Griffith v. Wainwright*, 772 F.2d 822, 824-25 (11th Cir. 1985)). This requires that the Court expressly give Plaintiff a 10-day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default, i.e., that final judgment

**No. 1:02CV82-MMP/AK**

may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with *Brown* and *Griffith*.

The Court must therefore advise Plaintiff that in opposing Defendant's motion, he is the nonmoving party, and as Plaintiff, he bears the burden of proof. In this situation, Defendant need not negate Plaintiff's claims. Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986). In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial. Reliance on the pleadings is inadequate. *Id*. at 324. Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). It is unnecessary for Plaintiff to refile any materials which would be duplicative of documents which are presently before the Court for its consideration, unless necessary to bring those documents into compliance with Rule 56(e).

The Court will take the newly converted motion for summary judgment under advisement no later than **June 26, 2006**; thus, Plaintiff must file all argument and evidence in opposition to summary judgment **before** that date.

**No. 1:02CV82-MMP/AK**

Accordingly, it is **ORDERED**:

That discovery as to the claims raised by Plaintiff against Catherine Darling in Counts One through Eight of the Fifth Amended Complaint is hereby reopened for a period of ninety (90) days;

That all discovery requests and motions related thereto must be served in the time provided by the Northern District of Florida Local Rules and the Federal Rules of Civil Procedure;

That no extension of discovery or the attendant deadlines will be granted absent a showing of exigent circumstances;

That Darling's motion for partial summary judgment, Doc. 172, will be taken under advisement no later than **June 26, 2006,** and a report and recommendation will be entered after that date;

That the parties must submit any additional material in support of or in opposition to summary judgment before that date.

**DONE AND ORDERED** this  **26**ᵗʰ  day of January, 2006.


                                        s/ A. KORNBLUM
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:02CV82-MMP/AK**